**FOR PUBLICATION**

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

                                    )
ALAN P. BORGHI,                     )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   Civil No. 2008-36
                                    )
PURPLE GROUP, INC., d/b/a PURPLE    )
PAPAYA OF ST. THOMAS, and Z&E,      )
INC., d/b/a PURPLE PAPAYA,          )
                                    )
        Defendants.                 )
                                    )
```

**ATTORNEYS:**

**Karin A. Bentz, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**Charles Edward Lockwood, Esq.**
St. Croix, U.S.V.I.
    *For the defendants.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court is the motion of defendant Z&E, Inc. ("Z&E") to transfer this matter to the Division of St. Croix. Additionally, defendant Purple Group, Inc., d/b/a Purple Papaya of St. Thomas ("Purple Group") has joined in the motion.

### I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Alan P. Borghi ("Borghi") is a local artist and resident of St. Thomas, U.S. Virgin Islands. Borghi's business includes

*Borghi v. Purple Group, Inc., d/b/a Purple Papaya of St. Thomas, et al.*
Civil No. 2008-36
Memorandum Opinion
Page 2

making designs for T-shirts.  Purple Group is a corporation organized under the laws of U.S. Virgin Islands, with its principal place of business on St. Thomas.  Purple Group is in the business of printing and selling T-shirts and other apparel from a retail location on St. Thomas.  Z&E is a corporation organized under the laws of U.S. Virgin Islands, with its principal place of business on St. Croix.  Z&E is in the business of selling T-shirts and other apparel out of a retail store located on St. Croix.

    Borghi created designs entitled, "Iguana Busting Out of Front of Shirt Tail Coming Out Back," "Marlin Busting Out Front and Back," "Real Pirates of the Caribbean," "Anne Bonny," and "Lazy Iguana" (collectively referred to as the "Designs"). (First Am. Compl. 2, ¶ 10, Nov. 20, 2008.)  In 2005, Borghi sold approximately 500 copies of his design transfers to Purple Group, consisting of approximately 100 copies of each of the five different designs listed above.

    On March 10, 2008, Borghi commenced this action for copyright infringement, breach of contract, and unjust enrichment against Purple Group.  On October 9, 2008, Borghi filed a motion for leave to amend his complaint to add Z&E as a defendant.  That motion was granted by the United States Magistrate Judge on November 20, 2008.

*Borghi v. Purple Group, Inc., d/b/a Purple Papaya of St. Thomas, et al.*
Civil No. 2008-36
Memorandum Opinion
Page 3

The First Amended Complaint (the "Complaint") states that "Z&E received from Purple Papaya of St. Thomas t-shirt transfers which were designed by [Borghi]." (First Am. Compl. 4, ¶ 23, Nov. 20, 2008.) The Complaint alleges that Borghi "had not given the Defendants license or permission to print any copies of [Borghi's] work beyond the 100 transfers of each design referred to above." (*Id.* at ¶ 24.) The Complaint further alleges that the defendants, without permission from Borghi, printed thousands of copies of "Iguana Busting Out of Front of Shirt Tail Coming Out Back," "Marlin Busting Out Front and Back," "Anne Bonny," and "Lazy Iguana," as well as hundreds of copies of "Real Pirates of the Caribbean," "flooding the market with unauthorized and inexpensive copies." (*Id.* at ¶¶ 25-26.)

On December 17, 2008, Z&E filed the instant motion to transfer this matter to the Division of St. Croix. That same day, Purple Group filed a notice of joinder in the motion to transfer.

## II. ANALYSIS

The defendants argue that this matter should be transferred to the St. Croix division of this Court, pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)"). In essence, they contend that the doctrine of *forum non conveniens,* requires transfer of this matter to the division of St. Croix. The defendants further

*Borghi v. Purple Group, Inc., d/b/a Purple Papaya of St. Thomas, et al.*
Civil No. 2008-36
Memorandum Opinion
Page 4

contend that Borghi's claims against Purple Group should be severed from the claims against Z&E, and that the action against Purple Group on St. Thomas should be stayed pending resolution of the action against Z&E on St. Croix.

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." By its own terms, Section 1404(a) applies to transfers between districts as well as transfers between divisions within the same district. *See id.; see also Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989) (affirming the transfer of a matter between divisions within a district under Section 1404(a)); *Says v. M/V David C. Devall*, 161 F. Supp. 2d 752, 753 (S.D. Tex. 2001) ("Whether [a] case [may] be more conveniently prosecuted in one division versus another is a question left to analysis under 28 U.S.C. § 1404(a)."). However, to the extent intra-district transfers are less cumbersome than inter-district transfers, they may be judged by a less rigorous standard. *See White v. ABCO Engineering Corp.,* 199 F.3d 140, 143-44 (3d Cir. 1999); *Edwards v. Sanyo Mfg. Corp.*, 2007 WL 641412 at *1 (E.D. Ark. 2007) (unpublished). As the United States Court of Appeals for the Third Circuit has explained:

*Borghi v. Purple Group, Inc., d/b/a Purple Papaya of St. Thomas, et al.*
Civil No. 2008-36
Memorandum Opinion
Page 5

> A case that is the subject of an intra-district . . . transfer can be handled by the same lawyer(s) and will be governed by the same rules and procedures. A case that is the subject of [an inter-district] transfer is unloaded onto an entirely new system. The former is like moving a card table within a house from the living room to the kitchen; the latter is like collecting all the chips and going to the neighbor's house to play. The house rules, as any gamesperson knows, are usually different.

*White,* 199 F.3d at 144.

In considering whether to transfer a matter under Section 1404(a), the Court must first ascertain whether venue is appropriate in the transferee court. *See Kressen v. Federal Ins. Co.,* 122 F. Supp. 2d 582, 588 (D.V.I. 2000); *see also Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Second, the Court must evaluate whether the interests of justice favor transfer by balancing both private and public interest factors. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878-79 (3d Cir. 1995)

As a threshold matter, the Court must "determine whether the transferee venue is one in which the case might have been brought." *Kressen,* 122 F. Supp. 2d at 588. In making this determination, the Court looks to 28 U.S.C. § 1391 ("Section 1391"). *See id.*

Section 1391 provides, in relevant part:

*Borghi v. Purple Group, Inc., d/b/a Purple Papaya of St. Thomas, et al.*
Civil No. 2008-36
Memorandum Opinion
Page 6

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought..

28 U.S.C. § 1391(b).

Section 1391 speaks in terms of districts, not divisions.[1] Thus, if venue is proper in one division of a district, then venue is proper in another division within that same district. *See, e.g., Says*, 161 F. Supp. 2d at 753 (holding that, "if venue is proper in the Houston Division of the Southern District of Texas it is *ipso facto* proper in the Galveston Division-as well as in the Divisions of Corpus Christi, Victoria, Brownsville, McAllen and Laredo"); *Crumrine v. NEG Micon USA, Inc.*, 104 F. Supp.2d 1123, 1126 (N.D. Iowa 2000) (explaining that venue is proper in any division of a proper district); *I & M Rail Link v. Northstar Navigation*, 21 F. Supp. 2d 849, 858 (N.D. Ill. 1998) ("Because the Northern District of Illinois has no local rule requiring divisional venue [plaintiff] could have filed suit in

---

[1] Congress has repealed the "divisional venue" statute, formerly 28 U.S.C. § 1393 (repealed effective February 17, 1989, by Public Law 100-702).

*Borghi v. Purple Group, Inc., d/b/a Purple Papaya of St. Thomas, et al.*
Civil No. 2008-36
Memorandum Opinion
Page 7

either division."). Because Z&E seeks transfer only between divisions and not districts and there is no dispute that the District of the Virgin Islands generally is a proper venue, the threshold inquiry of Section 1404(a) is satisfied.

In determining whether it is appropriate to transfer venue to a division where the suit might have been brought under Section 1404(a), the Court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Salovaara v. Jackson Nat. Life Ins. Co.,* 246 F.3d 289, 298 n.5 (3d Cir. 2001) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995).

In *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), the Third Circuit listed certain private and public interest facts that may be relevant to the determination of whether or not to transfer venue pursuant to Section 1404(a). *Id.* at 879-80. The private interest factors include: (1) "plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses;" and (6) "the location of books and records (limited to the extent that the files could not

*Borghi v. Purple Group, Inc., d/b/a Purple Papaya of St. Thomas, et al.*
Civil No. 2008-36
Memorandum Opinion
Page 8

be produced in the alternative forum)." *Id.* at 779 (internal citations omitted). The public interest factors include: (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) "the relative administrative difficulty in the two fora resulting from court congestion"; (4) "the local interest in deciding local controversies at home"; (5) "the public policies of the fora"; (6) "the familiarity of the trial judge with the applicable state law in diversity cases;" and (7) the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.* at 779-80 (internal citations omitted); *see also Lony v. E.I. Du Pont de Nemours & Co.,* 886 F.2d 628, 640 (3d Cir. 1989).

"The court must balance all of the relevant factors and determine whether a transfer of venue would best serve all the private and public interests." *Metropolitan Life Ins. Co. v. Dysart,* 2008 WL 5101686 at *4 (D.V.I. 2008) (quotation omitted). "The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, and unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citations and quotations omitted).

*Borghi v. Purple Group, Inc., d/b/a Purple Papaya of St. Thomas, et al.*
Civil No. 2008-36
Memorandum Opinion
Page 9

### A. Private Interest Factors

Here, Borghi's choice to sue the defendants in the Division of St. Thomas and St. John is entitled to deference. *See Windt v. Qwest Communications Intern., Inc.*, 529 F.3d 183, 190 (3d Cir. 2008) ("Ordinarily, a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private interests clearly favors an alternate forum."); *Shutte*, 431 F.2d at 25 ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." (quotation omitted)). That choice, however, is "neither dispositive of the transfer analysis nor is it the only factor to be considered." *Am. Tel. & Tel. v. MCI Communications Corp.*, 736 F. Supp. 1294, 1306 (D.N.J. 1990).

The defendants assert a strong preference to litigate this case on St. Croix, rather than on St. Thomas. They argue that the claims at the heart of this action arose on St. Croix. They argue that Z&E is alleged to be the primary infringer and Z&E is located in St. Croix. The defendants point to Borghi's responses to Purple Group's interrogatories, which indicate that T-shirts bearing the purportedly unauthorized designs were sold in St. Croix. However, in his opposition to the instant motion to

*Borghi v. Purple Group, Inc., d/b/a Purple Papaya of St. Thomas, et al.*
Civil No. 2008-36
Memorandum Opinion
Page 10

transfer, Borghi denies that Z&E is alleged to be the primary infringer. Borghi emphasizes that "Z&E obtained Borghi's copyrighted designs only through the acts of Purple Group." Borghi also emphasizes that St. Thomas is where he negotiated and conveyed the license for the original 500 copies of the Designs. To the extent Borghi's cause of action stems from Purple Group's conduct in St. Thomas, the defendants' preference to litigate the matter in St. Croix is given less weight.

With respect to the convenience of the parties, the proper comparison in this case is the burden on the defendants of litigating on St. Croix with the burden on Borghi of litigating on St. Thomas. The defendants argue that St. Croix is the more convenient forum for them to litigate because Z&E and Z&E's retail store are located in St. Croix. However, both Borghi and Purple Group are located in St. Thomas. Moreover, the Court rejects the defendants' argument that Z&E would be prejudiced by having to travel to St. Thomas to litigate this matter. The Court is unpersuaded by the defendants' characterization of St. Thomas as a "distant location" from St. Croix. Litigating the matter in St. Thomas simply does not pose the same sort of inconvenience as litigating the matter in a forum outside of the territory.

As this Court has previously explained, "[t]he convenience

*Borghi v. Purple Group, Inc., d/b/a Purple Papaya of St. Thomas, et al.*
Civil No. 2008-36
Memorandum Opinion
Page 11

to witnesses weighs heavily in making a decision regarding a motion to transfer venue." *Kendricks v. Hertz Corp.*, 2008 WL 3914135 at *5 (D.V.I. 2008) (quotation omitted).

> The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience.
>
> . . .
>
> Additionally, the moving party must demonstrate whether that witness is willing to travel to a foreign jurisdiction. Merely stating that potential witnesses reside beyond a forum's subpoena power does little to assist the court in weighing the convenience of the witness and the necessity of compulsory process. When the appearance of witnesses can be secured regardless of the forum's location through court order or persuasion by an employer who is a party to the action, this factor becomes less important.

*Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 719 (E.D. Va. 2005) (internal citations and quotations omitted). Here, the defendants complain generally of inconvenience to witnesses if this matter is litigated in the Division of St. Thomas and St. John. However, they have failed to provide sufficient details to enable the Court to assess the materiality of the witness' testimony or the degree of inconvenience such witnesses would experience.

The defendants also contend that the location of books and records favors transfer because "any Z&E records relating to the

*Borghi v. Purple Group, Inc., d/b/a Purple Papaya of St. Thomas, et al.*
Civil No. 2008-36
Memorandum Opinion
Page 12

marketing and sale of T-shirts are located in St. Croix." (Mot. to Transfer 6, Dec. 17, 2008.) However, Borghi suggests that his books and records relating to this lawsuit are located on St. Thomas, where he resides. Additionally, there is nothing in the record to suggest that Z&E's books and records could not be copied and transferred to St. Thomas for the trial of this matter. Thus, the Court is unpersuaded that the location of books and records related to this case favors transfer.

**B.    Public Interest Factors**

The primary public interest factors are the choice of law to be applied and the relationship of the courts and jurors to the case. *See Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 48 (3d Cir. 1988) (setting forth the relevant public interest factors). For claims "in which state or territorial law provides the substantive rules, there is an advantage in having it applied by federal judges who are familiar with the relevant law, and thus in trying the case in a district of the state or territory whose law is to govern." *Kendricks*, 2008 WL 3914135 at *6. In this case, Borghi's claim of copyright infringement in Count One of the Complaint will be governed by federal law. In contrast, state or territorial law will govern Borghi's claims for breach of contract and unjust enrichment in Counts Two and Three. Because the defendants seek to transfer this matter to another

*Borghi v. Purple Group, Inc., d/b/a Purple Papaya of St. Thomas, et al.*
Civil No. 2008-36
Memorandum Opinion
Page 13

Division within the U.S. Virgin Islands, however, there is no difference between the local law of the transferor and the transferee forums. Because there is no choice of law issue in this case, this factor does not impact the Court's analysis under 1404(a).

In considering the local interests in adjudicating localized controversies, "[t]he Court must be aware of the local interests implicated by this lawsuit in the respective districts or, more specifically, in the communities in which they sit." *Kendricks*, 2008 WL 3914135 at *7. In this case, because some of the allegedly unauthorized T-shirts were sold on St. Croix, the community in that Division has an interest in adjudicating this dispute. *Cf. Ricoh Company, Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 486 (D.N.J.1993) (finding that Minnesota had a strong public interest in litigating a dispute because most of the culpable conduct relevant to the complaint occurred in Minnesota). However, it is not clear from the record whether any acts of infringement also occurred on St. Thomas. Moreover, the communities of both islands have a public interest in preventing the sale on one island of counterfeit items originating on the other island.

Furthermore, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to

*Borghi v. Purple Group, Inc., d/b/a Purple Papaya of St. Thomas, et al.*
Civil No. 2008-36
Memorandum Opinion
Page 14

the litigation." *Ferens v. John Deere Co.*, 494 U.S. 516, 529-30, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990).  In light of both divisions' strong local interests in litigating this matter, the Court does not find that one division has a stronger stake in the just and fair resolution of this case than the other.  Under these circumstances, it would not be unfair to impose the burden of jury duty on the citizens of either forum. *Cf. Pain v. United Technologies Corp.*, 637 F.2d 775, 792 (D.C. Cir. 1980) (explaining that jury duty should not be imposed, nor local dockets clogged by, cases with little relation to jurisdiction).

    Finally, the defendants claim that the practical considerations and expenses of litigating this matter tilt toward litigating the case in St. Croix.  They assert that a trier of fact would be required to travel to St. Croix to view the machinery used to print T-shirts at Z&E's retail store, and to view the general location of the Z&E store in St. Croix.  However, assuming that such information would be relevant to this case, the Court is not convinced that travel to St. Croix would be necessary.  Rather, the Court agrees with Borghi that "[a]ny testimony offered by Z&E representatives and nearby business owners would be more than sufficient if Z&E feels these issues are relevant to its defense." (Opp'n to Mot. to Transfer 4, Dec. 30, 2008.)

*Borghi v. Purple Group, Inc., d/b/a Purple Papaya of St. Thomas, et al.*
Civil No. 2008-36
Memorandum Opinion
Page 15

### III.  CONCLUSION

The Court acknowledges that some of the conduct involved in this action occurred on St. Croix, and that Z&E is located on that island.  However, the Court finds the defendants have failed to meet their burden of establishing that the private and public interest factors, on balance, weigh in favor of transferring this matter to the Division of St. Croix.  Accordingly, the Court will deny the defendants' motion to transfer this matter.  An appropriate Order follows.


                                S_____
                                   **Curtis V. Gómez**
                                   **Chief Judge**